IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAFAEL R. FLORES,

    Plaintiff,

vs.

REMOVE IT PROS, INC., a Florida Corporation,

    Defendant.

Case No.:

# COMPLAINT

Plaintiff, RAFAEL R. FLORES ("FLORES" or "Plaintiff") sues Defendant, REMOVE IT PROS, INC., a Florida Corporation ("REMOVE IT" or "Defendant"), and alleges:

## NATURE OF CLAIMS

1. This is an action under the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq., (FMLA).

## JURISDICTION AND VENUE

2. This action arises under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2617. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Plaintiff is a resident and citizen of Lee County, Florida.

4. Defendant, REMOVE IT, is a Florida corporation, with its principal place of business located at 28381 Race Track Rd., Bonita Springs, FL 34135 in Lee County, Florida.

5. REMOVE IT conducts business in Lee and Collier counties, and is registered with the Florida Department of State, Division of Corporations, to conduct business in the State of Florida.

6. The actions giving rise to this Complaint occurred in Lee County, Florida. The wrongful acts alleged herein, including Plaintiff's termination and the interference with Plaintiff's rights, occurred in the Middle District of Florida, Lee County.

7. Venue is proper in the Middle District of Florida, Fort Myers Division.

## FMLA COVERAGE AND ELIGIBILITY

8. At all times material, Defendant was engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of the 20 or more calendar workweeks in the then current or preceding calendar year.

9. At times material, Plaintiff was employed at a work site or location where Defendant employed 50 or more employees within a 75 mile radius.

10. At all times material, Plaintiff was an employee eligible for FMLA leave because he was employed at least 12 months and worked at least 1250 hours during the 12-month period immediately preceding his FMLA leave request.

## STATEMENT OF FACTS

11. Defendant is an interior demolition and junk removal company, based in Bonita Springs, Florida.

12. Plaintiff was employed by Defendant in a full-time capacity from July 8, 2020, until April 26, 2022, in the position of "mechanic."

13. Plaintiff's job duties included, but were not limited to, maintenance and repair of all company fleet vehicles.

14. In or around March 10, 2022, Plaintiff was involved in a serious motorcycle accident and was admitted as a trauma patient at Gulf Coast Medical Center.

15. On March 13, 2022, Plaintiff was admitted to the Trauma ICU under the medical care of Dr. Zachary Hothem.

16. On or about March 15, 2022, Plaintiff further notified Defendant regarding the nature and extent of his injuries. At or about that time, Plaintiff informed Defendant that he would need two months of leave for surgery and rehabilitation before he can return to work.

17. On or about March 17, 2022, Defendant approved Plaintiff's leave and said it was transferring another employee from within the company to cover Plaintiff's position during his leave.

18. On April 26, 2022, six weeks into his leave, Plaintiff received a text from Defendant, stating:

> Hey Ralph we are so sorry that you got hurt. Unfortunately this is the time of year when we are really tight. Buying tools and getting vans ready hiring guys before we have enough work. The guy filling in for

> you has done such a good job we have hired him full-time. We will pay your insurance for one more month. Hope you understand. Maybe we will work together in the future. Dave and Logan.

19. Defendant terminated Plaintiff on April 26, 2022.

## COUNT I
## Family Medical Leave Act
### (Interference with Plaintiff's Exercise of FMLA Rights)

20. Plaintiff realleges and incorporates allegations 1–19.

21. Plaintiff qualified for FMLA leave because he had a "serious health condition" under 29 U.S.C. § 2611(11) and 29 U.S.C. § 2612(a)(1)(D). Specifically, Plaintiff had an injury, impairment and physical condition that required inpatient care in a hospital and continuing treatment by a healthcare provider.

22. Defendant was given notice of Plaintiff's need for FMLA leave due to a serious health condition.

23. Defendant interfered with Plaintiff's FMLA rights under 29 U.S.C. § 2615(a)(1) by doing the following:

    a) Failing to notify Plaintiff of his eligibility and rights under the FMLA after Defendant had notice of Plaintiff's need for FMLA leave and after Plaintiff requested leave.

    b) Terminated Plaintiff while he was on FMLA qualifying leave without consideration of his rights under the FMLA including his right to be reinstated into the same or a substantially similar position.

    c) Failed to reinstate Plaintiff to the same or a substantially similar position as required by the FMLA.

24. As a result of Defendant's actions, Plaintiff has suffered damages and seeks to recover lost wages, benefits, interest, liquidated damages and attorney's fees and costs, and such other relief as is allowed under the FMLA and authorized by the Court.

## COUNT II
## Family Medical Leave Act
### (FMLA Retaliation/Discrimination)

25. Plaintiff realleges and incorporates allegations 1-19.

26. Plaintiff engaged in protected activity under the FMLA when he requested leave for a qualifying serious health condition under the FMLA.

27. Plaintiff suffered an adverse employment action (discharge) as described in paragraph 18 and 19 of the Complaint.

28. Plaintiff was terminated and discriminated against Plaintiff because of his FMLA protected leave.

29. As a result of Defendant's actions, Plaintiff has suffered damages and seeks to recover lost wages, benefits, interest, liquidated damages, attorney's fees and costs, and such other relief as is allowed under the FMLA and authorized by the Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief under both Count I and Count II:

a. Lost back wages and benefits;

b. Front pay;

c. Interest;

d. Liquidated damages;

e. Attorney's fees and costs;

f. All such other relief as the Court deems proper.

Dated: October 31, 2022

Respectfully submitted,

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com

**GUNTERFIRM**
1514 Broadway, Suite 101
Fort Myers, FL 33901
Tel: 239.334.7017